## ALFRED F. DION V. THE STATE.

No. 16893.    Delivered June 20, 1934.

The opinion states the case.

*Lloyd W. Davidson,* State's Attorney, of Austin for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of robbery, and his punishment assessed at confinement in the state penitentiary for a term of 25 years.

The facts as disclosed by the record are substantially as follows: On or about the 6th day of April, 1932, the appellant approached Mack Kennedy, operator of the Taylor Refining Company at Tyler, Texas, and informed him, the said Kennedy, that he, Dion, and his gang had been offered $50,000.00 to blow up the Taylor Refining Company's plant as well as Mr. Kennedy and Mr. Roussey, but inasmuch as he, Dion, was a good friend of Mr. Kennedy he suggested that he, Kennedy, pay him $10,-000.00 which he, Dion, felt sure would be acceptable to his gang. Mr. Kennedy told the appellant that $10,000.00 was unreasonable, whereupon appellant suggested perhaps he could induce his gang to accept $5,000.00. The appellant also informed Kennedy that if he had any doubt about what he, appellant, had told him to call a certain number at Dallas and ask for Mr. Burnett. Mr. Kennedy then called the number and asked for Mr. Burnett who told Kennedy that he knew Dion and his bunch and they would do what Dion said they would do. Mr. Kennedy became alarmed at the threat, believing himself in danger of losing his life or suffering serious bodily injury and also fear-

ing that they would destroy the refinery unless he complied with the appellant's demand, to avoid which Kennedy finally paid $2,500.00 to the appellant. The appellant admitted receiving the $2,500.00 from Kennedy but contends that said amount was given to him by Kennedy with which to purchase "hot" oil for the refinery.

There is not an approved bill of exception in the record. The motion for new trial is not sworn to and no objections were made to any testimony or to the court's charge. Hence, there is nothing for this court to consider except the sufficiency of the testimony to warrant a conviction. We carefully reviewed the statement of facts and reach the conclusion that the testimony is amply sufficient to justify the conviction.

No reversible error appearing in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.